UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EAGLE INDUSTRIES, LLC | ) | Case No.: 10-11636 |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| EAGLE TRANSPORTATION, LLC | ) | Case No. : 10-11637 |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ | ) | |

**AGREED INTERIM ORDER (I) AUTHORIZING DEBTOR TO UTILIZE CASH COLLATERAL OF PREPETITION LENDER; (II) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDER PURSUANT TO 11 USC. §§ 105, 361 AND 363; AND (III) SCHEDULING FINAL HEARING**

THIS MATTER is before the Court upon the emergency motion, dated October 28, 2010, of Eagle Industries, LLC and Eagle Transportation, LLC (collectively referred to herein as "Eagle" or the "Debtor" or the "Borrower"), the debtors and debtors in possession herein, for interim and final orders authorizing it to utilize cash collateral, grant adequate protection, and security interest pursuant to sections 105(a), 361, 362, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Citizens First Bank ("Citizens First") having agreed to allow the utilization of its cash collateral under the terms, conditions and protection contained herein (this order being referred to herein as the "Agreed Interim Order");  it has been represented to the Court by the parties as follows:

**NOW, THEREFORE, THE COURT HEREBY FINDS THAT:**

A. <u>Petition Date</u>. On October 27, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Since the Petition Date, the Debtor has remained in possession of its property and continues to manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee of unsecured creditors, as provided for under section 1102 of the Bankruptcy Code, has been appointed in this chapter 11 case.

B. <u>Jurisdiction; Venue.</u> This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice.</u> Notice of the hearing on this matter was provided by the Debtor to: (i) the United States Trustee; (ii) the creditors included in the list filed by the Debtor pursuant to Rule 1007(d) of the Bankruptcy Rules; (iii) all known secured creditors of the Debtor claiming or asserting an interest in the proceeds; and (iv) all creditors and other parties in interest that have filed notices of appearance in this Chapter 11 Case pursuant to Rule 2002 of the Bankruptcy Rules. Notice of the hearing on this matter is appropriate, adequate and sufficient under the circumstances set forth herein and presented to this Court, and complies with the provisions of sections 363 and 364 of the Bankruptcy Code, Rules 2002, 4001 and 9014 of the Bankruptcy Rules, and all other applicable law.

D. <u>Debtor's Stipulations.</u> In connection with the relief provided for herein, the Debtor permanently, immediately and irrevocably acknowledges, represents, stipulates and agrees that:

(i) From time to time prior to the Petition Date, the Debtor borrowed money and received other financial accommodations from Citizens First (the "Citizens First Credit"). Citizens First was granted security interests and liens on, among other things, all of the Debtor's accounts receivable, inventory, equipment, certain trucks and trailers, chattel paper, and general intangibles (collectively, the "Citizens First Pre-Petition Collateral"). The obligations and indebtedness arising from the Citizens First Pre-Petition Credit shall be referred to as the "Citizens First Pre-Petition Indebtedness." As of the Petition Date, the outstanding Citizens First Pre-Petition Indebtedness was in excess of $3,671,140.28.

(ii) The Citizens First Pre-Petition Indebtedness is evidenced by various promissory notes and security agreements (the "Citizens First Loan Documents"). Pursuant to the Citizens First Loan Documents, Citizens First holds, among other things, a properly filed and perfected first priority lien on the Citizens First Pre-Petition Collateral (the "Citizens First Pre-Petition Liens").

(iii) Citizens First perfected its security interests and liens in and to the Citizens First Pre-Petition Collateral by filing a certain financing statement with the Office of the Secretary of State of the Commonwealth of Kentucky, which statement has been timely continued and remains in full force and effect; and by filing title lien statements, which remain in full force and effect.

(iv) The Citizens First Pre-Petition Collateral constitutes "Cash Collateral" within the meaning of section 363(a) of the Bankruptcy Code.

(v) Citizens First is not a control person or insider of the Debtor by virtue of making decisions with respect to the Debtor's use of Cash Collateral and/or this Agreed Interim Order;

(vi) as of the date hereof, there exist no claims or causes of action against Citizens First with respect to, in connection with, related to, or arising from the Debtor that may be asserted by the Debtor or any other person or entity; and

(vii) the Debtor forever and irrevocably releases, discharges, and acquits Citizens First, and each of its respective former, current or future officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors in interest (collectively, the "Releasees") of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, accrued, unaccrued, fixed, contingent, pending, or threatened including, without limitation, all legal and equitable theories of recovery, arising under common law, statute or regulation or by contract, of every nature and description, including, without limitation, (i) with respect to the Citizens First Pre-Petition Indebtedness and/or the Debtor's attempts to refinance the Citizens First Pre-Petition Indebtedness, any so-called "lender liability" or equitable subordination claims or defenses, (ii) any and all claims and causes of action arising under the Bankruptcy Code, and (iii) any and all claims and causes of action regarding the validity, priority, perfection or avoidability of the liens or claims of Citizens First, and all such liens and security interests will be deemed to be irrevocably and unconditionally valid, enforceable and perfected first priority liens on the Debtor's property, and all other parties in interest will be forever barred from asserting any challenge thereto.

E.  <u>Purpose and Necessity of Utilization of Cash Collateral</u>. The Debtor desires to continue to operate its business. Vital to this goal is, among other things, the Debtor's continued ability to use Citizens First's cash collateral pursuant to the terms of this Agreed Interim Order in order to meet its post-petition obligations. It is in the best interests of the Debtor, its estate and its creditors for the Debtor to have continued access to Citizens First's cash collateral pursuant to the terms set forth herein. Without use of Citizens First's cash collateral, the Debtor could not operate. The relief authorized herein is necessary to avoid immediate and irreparable harm (within the meaning of Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure) to the Debtor. The Debtor has demonstrated sufficient cause to grant the relief authorized herein.

F.  <u>Agreement of Citizens First</u>. Citizens First is willing to permit the Debtor to use its cash collateral through November 18, 2010 (the "Interim Period") provided that this Court, pursuant to section 361 of the Bankruptcy Code authorizes the Debtor to make adequate protection payments to Citizens First during the term of this Agreed Interim Order and provided that the Debtor is allowed to use Citizens First's cash collateral only upon the terms, conditions and limitations set forth in this Agreed Interim Order.

G.  <u>Good Faith</u>. The terms of this Agreed Interim Order have been negotiated at arms' length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, are for reasonably equivalent value and fair consideration, and have been entered into in good faith as that term is used in the Bankruptcy Code.

H.  <u>Good Cause.</u> Good cause has been shown for the entry of this Agreed Interim Order. Among other things, entry of this Agreed Interim Order will minimize further disruption of the Debtor's business, will enable the Debtor to preserve and maintain its assets and will void

immediate and irreparable harm to, and is in the best interests of the Debtor, its creditors and its estate.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The findings contained in paragraphs A through H of this Agreed Interim Order are incorporated herein by reference thereto.

2.  Citizens First consents to the use by the Debtor of, and the Debtor is hereby authorized to use Citizens First's cash collateral during this Interim Period only upon the terms and conditions contained herein.

3.  In addition to the other terms and conditions contained herein, the Debtor's use of Citizens First's cash collateral is expressly conditioned upon the following**:**

    (a)  except as otherwise provided herein or waived by Citizens First in its sole discretion, the cash collateral may be used by the Debtor solely to pay normal trade payables, payroll, insurance premiums, taxes and utilities that are necessary to preserve and maintain the assets and business operations of the Debtor (collectively, the "Approved Operating Expenses") of its business during the period of October 29, 2010 through November 18, 2010 set forth on the budget attached hereto and incorporated herein as Exhibit A (the "Interim Budget"); the Debtor's use of cash collateral, pursuant to the Interim Budget, may not exceed the amount set forth for such type of expense in the line item on the Interim Budget approved by Citizens First; the Debtor should not be permitted to use Citizens First's cash collateral for any other expenditures, such as the purchase of fixed or capital assets, or other expenses without prior written approval of Citizens First.

    (b)  the Debtor shall timely make all adequate protection payments to Citizens First required under the terms of this Order.

    (c)  the Debtor shall maintain at Citizens First all of its debtor-in-possession bank accounts (collectively, the "DIP Bank Accounts") and the Debtor shall deposit into the DIP Bank Accounts all proceeds of the Citizens First Pre-Petition Collateral and the post-petition collateral.

4. In addition to the foregoing and, as adequate protection to Citizens First for the Debtor's use of cash collateral, Citizens First is hereby granted first priority post-petition replacement security interests and liens upon all of the post-petition property of the Debtor that is similar to the property on which it held its pre-petition liens, including, without limitation, all post-petition property of the types constituting the collateral of their pre-petition liens, all proceeds and products thereof to secure the amount of the cash collateral used by the Debtor. Such security interests, liens and other rights granted to Citizens First, shall be and are deemed to be effective, valid, perfected and enforceable as of the Petition Date without the necessity of taking any other act or filing or recording any security agreements, financing statements or any other instruments or documents and no further notice, filing, recordation or order shall be required to effect such validity, perfection and enforceability.

5. Citizens First's post-petition liens on the post-petition collateral of the Debtor shall at all times be senior to the rights of all other persons, including, without limitation, the Debtor and any successor trustee in this case or any subsequent case under the Bankruptcy Code.

6. In the event that the adequate protection granted to Citizens First hereunder fails to adequately protect Citizens First's interests in the cash collateral, the Citizens First Pre-Petition Collateral and/or the post-petition collateral, Citizens First is hereby granted, without further order of the Court, an administrative expense claim which shall have priority of the kind specified in section 507(b) of the Bankruptcy Code over any and all administrative expenses of the kind specified in section 507(a)(1) of the Bankruptcy Code.

7. Citizens First's consent to the Debtor's use of the cash collateral and the Debtor's authorization to use the cash collateral of Citizens First shall terminate prior to the expiration of the Interim Period, unless waived by Citizens First or immediately cured by the Debtor:

(i) upon three (3) business days' written notice, in the event that the Debtor shall fail to make any payment to Citizens First required under the Citizens First Loan Documents or required hereunder; or

(ii) upon five (5) business days' written notice, in the event that the Debtor breaches any non-payment term, condition or covenant set forth in this Agreed Interim Order; or

(iii) upon ten (10) business days' notice, in the event that the Debtor operates at a net operating loss and the Debtor does not cure such net operating loss within such ten (10) business day period; or

(iv) upon the entry of an order dismissing this Chapter 11 case, appointing a trustee in this Chapter 11 case, converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or transfer of venue of this Chapter 11 case to another district.

8. The Debtor shall maintain adequate insurance on its assets including, general liability coverage naming Citizens First as a lender's loss payee and the Debtor shall provide proof of such insurance within five (5) business days of entry of this Agreed Interim Order.

9. In the event of an event of default under this Agreed Interim Order that is not cured by the Debtor, the automatic stay shall be terminated as to Citizens First without further order of this Court. In order to effectuate the termination of the automatic stay, Citizens First shall be required to file an Affidavit of Default under this Agreed Interim Order with this Court and serve it upon the Debtor, Debtor's counsel, the Office of the United States Trustee, and all other parties requesting notice in this chapter 11 case. The automatic stay shall be terminated immediately upon the filing of such Affidavit of Default without further order of this Court.

10. The liens and security interests granted to Citizens First pursuant to this Agreed Interim Order shall not be modified, altered, or affected in any manner except with Citizens First's express written consent.

11. Except as otherwise provided herein, if any or all of the provisions of this Agreed Interim Order are hereafter modified, vacated or stayed by a subsequent order of this or any other

Court, such stay, modification or vacation shall not affect the validity of the secured claims of Citizens First incurred by the use of the cash collateral, of Citizens First, the Citizens First Pre-Petition Collateral, the post-petition collateral pursuant to this Agreed Interim Order any use of Citizens First's cash collateral of shall be governed in all respects by the provisions of this Agreed Interim Order and Citizens First be entitled to all the rights, privileges and benefits, including the security interests and priorities granted herein and all rights specifically granted by the Bankruptcy Code.

12. In addition to all reports required under the Citizens First Loan Documents, the Debtor shall provide Citizens First with: (i) all reports and documents made available to this Court, the United States Trustee, any officially appointed committee and any other parties in interest; (ii) all financial records requested by Citizens First including, without limitation (x) on each Tuesday, beginning November 2, 2010, a borrowing base certificate setting forth the Borrowing Base calculated as of the Friday before, setting forth information required by Citizens First, (y) on each Tuesday, beginning November 2, 2010, a rolling 13 week cash budget setting forth the Debtor's budgeted revenues and expenses (the "Cash Budget") and calculating the Debtor's performance as compared to the Cash Budget, and (z) balance sheets, operating statements and projections; (iii) on each Tuesday, beginning November 2, 2010, a report detailing the uses of cash by the Debtor for the prior week in a form acceptable to Citizens First; and (iv) on each Tuesday, November 2, 2010, an aging of all accounts receivable by customer. All budgets submitted to Citizens first shall be on a cash basis and shall separate any funds being held in trust for others, such as trust fund taxes and employee health insurance contributions and all statements showing the Debtor's results shall be on a cash basis and shall separate any funds

being held in trust for others, such as trust fund taxes and employee health insurance contributions.

13. The Debtor shall be required to maintain a collateral base consisting of the cash collateral in an amount not less than the amount of Pre-Petition Collateral on the Petition Date and in any event, the Borrowing Base (as defined below) shall at all times exceed the sum of $343,644.00; and it shall automatically be a default under this Interim Order if the sum of the Borrowing Base is less than or equal to $343,644.00. Borrowing Base shall mean the sum of (a) 80% of Borrower's Eligible Accounts Receivable (defined below); (b) 25% of Borrower's Eligible Inventory (defined below) of raw material valued at the lower of cost or market value; and (c) 25% of Borrower's Eligible Inventory (defined below) of finished goods valued at the lower of cost or market value. For purposes of this paragraph of the Interim Order, (a) Eligible Accounts Receivable shall mean all accounts receivable of the Borrower except (1) those rights to payment which are greater than or equal to ninety (90) days past the first date on which the invoice for such accounts receivable was initially billed, (2) those accounts receivable from or against a debtor which has instituted bankruptcy, insolvency, reorganization, liquidation, or receivership proceedings, or against which a petition for any such proceeding has been filed and not contested within thirty (30) days thereafter, (3) those accounts receivable due from the United States Government (or any agency state or instrumentality thereof),(4) any accounts receivable which under applicable federal, state and/or local law (x) may not be assigned to Citizens First, or (y) whose assignment to Citizens First is restricted or limited in any way, or (z) Citizens First may not assert or recover against its account debtor, and (5) any account receivable evidenced by a note or other instrument which has not been endorsed and delivered to Citizens

First; and (b) Eligible Inventory shall mean the Debtor's inventory excluding inventory that is older than twelve (12) months.

14. The Debtor shall make the following payments to Citizens First on the following dates and failure to make such payments on or before such dates shall automatically be a default under the Interim Order:

|  | Amount | Rate | Repayment Terms | Payment Amount |
|---|---|---|---|---|
| **PP Line of Credit** | $ 3,285,000.00 | 5.25% | Int due 12/10/2010 | $ 15,301.27 |
|  |  |  | Int due 1/10/2011 | $ 14,371.80 |
|  |  |  | Int due 2/10/2011 | $ 14,850.86 |
|  |  |  | Int due 3/10/2011 | $ 14,850.86 |
|  |  |  | Int due 4/10/2011 | $ 13,413.68 |
|  |  |  | P&I due 5/10/2010 and each month thereafter | $ 27,000.00 |
| **PP Equipment Term Loan** | $ 370,000.00 | 8.50% | Int due 10/31/2010 | $ 2,500.00 |
|  |  |  | Int due 11/30/2010 | $ 2,620.00 |
|  |  |  | Int due 12/31/2010 | $ 2,708.16 |
|  |  |  | P&I due 1/31/2011 | $ 2,708.00 |
|  |  |  | P&I due 2/28/2011 | $ 2,708.00 |
|  |  |  | P&I due 3/31/2011 | $ 2,708.00 |
|  |  |  | P&I due 4/30/2011 and each month thereafter | $ 11,680.00 |

15. In consideration of the terms of this Agreed Interim Order, the Debtor hereby irrevocably waives and is barred from asserting or exercising any right, without (a) Citizens First's prior written consent or (b) prior indefeasible payment and satisfaction in full of the Citizens First Indebtedness, to (i) grant or impose, under section 364 of the Bankruptcy Code or otherwise, senior or equal liens on or security interests in the pre-petition or post-petition collateral of Citizens First; or (ii) modify or affect any of the rights of Citizens First under this Agreed Interim Order or the Citizens First Loan Documents.

16. No costs or expenses of administration or other charge, lien, assessment or claim of any person or entity (whether incurred after the Petition Date, any conversion of this chapter

11 case pursuant to section 1112 of the Bankruptcy Code or any other proceedings related hereto or thereto) shall be imposed against Citizens First under section 506(c) of the Bankruptcy Code or otherwise.

17. No sale, lease or other disposition of Citizens First's collateral outside of the ordinary course of business (including collection of accounts receivable or any liquidation, auction or other similar sales) may be done during the Interim Period without Citizens First's prior written consent.

18. The Debtor shall permit Citizens First and any authorized representatives designated by Citizens First to visit and inspect any of the properties of the Debtor, to review the Debtor's financial and accounting records, and to make copies and take extracts therefrom, and to discuss the Debtor's affairs, finances and business with the Debtor's officers, consultants and accountants, at such times and as often as may be reasonably requested, subject to any applicable order of this Court. Without limiting the generality of the foregoing, the Debtor shall promptly provide Citizens First and its designated representatives any information or data reasonably requested to monitor the Debtor's compliance with the covenants and the other provisions of this Agreed Interim Order and the Budget and to perform appraisals or other valuation analyses of any property of the Debtor.

19. Nothing in this Agreed Interim Order shall commit Citizens First to extend the maturity date of the Citizens First Pre-Petition Indebtedness.

20. In making decisions with respect to the Debtor's use of Citizens First's cash collateral, or in taking any other actions related to or in connection with this Agreed Order, the Citizens First Pre-Petition Indebtedness and/or the Citizens First Loan Documents, Citizens First shall have no liability and shall not be deemed to be in control of the operations of the Debtor or

to be acting as a "responsible person" with respect to the operation(s) and/or management of the Debtor.

21. Except to the extent otherwise provided herein, nothing contained herein shall constitute a waiver by Citizens First of any rights, claims or privileges or interests under any agreements, documents, instruments or by virtue of any law, and nothing contained herein shall prejudice any right of Citizens First to seek additional adequate protection, relief from the automatic stay, appointment of a trustee or examiner, conversion of this case to a case under chapter 7 of the Bankruptcy Code or to exercise any other rights afforded Citizens First by the Bankruptcy Code or applicable non-bankruptcy law.

22. This Court shall conduct a final hearing on the Debtor's use of cash collateral at _____.m. on _____, 2010 in the United States Bankruptcy Court, Courtroom \_\_\_\_\_, _____.

**AGREED AND CONSENTED TO:**

/s/ David M. Cantor
David M. Cantor
Seiller Waterman LLC
462 W. Fourth Street, 22nd Floor
Louisville, KY 40202
270-584-7400
502-583-2100 (fax)
cantor@derbycitylaw.com

**ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION**


/s/ Scott A. Bachert
Scott A. Bachert
Harned Bachert & McGehee PSC
PO Box 1270
324 E. 10th Ave.
Bowling Green, KY 42102-1270
270-782-3938
270-781-4737 (fax)
bachert@hbmfirm.com

**ATTORNEYS FOR CITIZENS FIRST BANK**